Naye v. Noezel.

---

## SAMUEL NAYE, PLAINTIFF, v. GEORGE NOEZEL, DEFENDANT.

1. It was too late to present on appeal before the Common Pleas, an objection that at the time of the service of the summons the defendant was not a resident of the state, the defendant having appeared before the justice without raising the objection.
2. A covenant by a lessee " to repair the buildings, build all fences, and to generally improve the property, the material to be furnished by the lessor," does not embrace work done by the lessee at the request of the lessor, and on promise to pay him therefor, in the erection of new buildings, whether built entirely of new material and in part of old structures, nor in the cutting off of parts of the dwelling-house, and setting them up as independent structures.
3. A covenant by a lessee to " generally improve the property," by a fair construction, refers to the treatment of the lands in their use for agricultural purposes when the demised premises are farming lands.

---

On *certiorari* to Middlesex Common Pleas.

Argued at November Term, 1887, before Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff, *Robert Adrain.*

For the defendant, *Alan H. Strong.*

The opinion of the court was delivered by

KNAPP, J.   By this writ a judgment of the Court of Common Pleas, of the county of Middlesex, rendered on an appeal from the judgment in the court for the trial of small causes, is certified for review.

Judgment in both courts was for plaintiff below.   Defendant below prosecutes this writ and assigns as reasons for reversal, first, " that it was made to appear, by evidence presented by the defendant on the appeal, that he, at the time of the service of the summons, was not a resident of the State of New Jersey."

The defendant had appeared before the justice, and this objection was not there taken.   It was too late to present it on his appeal.   The Common Pleas was right in disregarding it.

The other reasons, four in number, question the correctness of the judgment rendered in the Common Pleas upon the merits of the case.

It appears from the case sent up that the plaintiff below, with his wife, occupied a farm of the defendant, as tenant under a lease for the term of three years, and that during the continuance of this lease the plaintiff, at the request of the defendant, and on defendant's promise to pay him for his work, constructed a barn on the premises, using an old house which stood upon the premises in part construction ; and, at the like request, and upon like promises to pay, the plaintiff broke off from the house in which he lived three kitchens, and removed them to another part of the premises, converting them into tenements.   The defendant paid for the lumber that was used in the work done by the plaintiff.

The defendant contended that the plaintiff was required to do this work under the covenants and conditions in his lease.

The court below adjudged liability of the defendant to pay,

on the ground that the plaintiff's contract in the lease did not embrace the work done by the plaintiff. In this we think the court was right.

In that instrument the lessees " agree to repair the buildings, build all fences, and to generally improve the property ; the material to be furnished by the party of the first part " (the lessor). It seems too clear to admit of doubt or dispute that the covenants to repair do not embrace the erection of new buildings, whether built entirely of new material, or in part of new material, or in part of old structures ; nor the cutting off of parts of the dwelling-house and setting them up as independent structures. Such work cannot be regarded as repairs under the most liberal interpretation of that term. Nor is it to be conceded that work of the character sued for was required under the stipulations to " generally improve the property."

The premises demised consisted of farming property. There were buildings and fences to be kept in repair, and the condition of the farm for agricultural purposes to be looked after.

By the express terms of the lease the buildings are to be kept in repair, and all necessary fences are to be built by the tenant. The general improvement of the property which is required of the tenant in the lease, by a fair construction, refers to the treatment of the lands in their use for agricultural purposes. The mode of cultivation, the proper and sufficient use of manures in enriching the land, and matters of this sort, are within the terms and meaning of this stipulation. To hold it to relate to improvements of any other character would leave the obligations of the tenant under it unbounded. Such a construction cannot properly be contended for.

The promise of the defendant to pay the plaintiff for the work was made, therefore, upon a valid consideration.

In the briefs of counsel other objections to the judgment than those mentioned are discussed, but they are not embraced within the reasons filed for reversal, and, therefore, need no discussion here. Had they been presented for consideration,

they seem to me to lack sufficient force to change this judgment.

The record fails to present grounds for disturbing the judgment, and it must be affirmed.